[No. 22002. Department One. January 28, 1930.]

C. N. SAVINOVICH, *Respondent*, v. E. G. WINBIGLER, *Appellant*.[1]

[1]Reported in 284 Pac. 77.

334

*Max Hardman* and *J. M. Schermer,* for appellant.
*Otis W. Brinker,* for respondent.

PARKER, J.—The plaintiff Savinovich commenced this action in the superior court for King county seeking rescission of a real estate exchange and, in the alternative, damages, rested upon the theory of alleged false and fraudulent representations inducing him to make the exchange, made by the defendant Winbigler, as agent of the defendant Berthelsen. The cause, being of equitable cognizance, proceeded to trial before the court sitting without a jury.

At the conclusion of the evidence introduced in behalf of Savinovich, the trial court dismissed the action as to the defendant Berthelsen, upon the ground that, while he held and conveyed to Savinovich the legal title to the property which Savinovich received in the exchange, he held and conveyed title only in trust for the real owner, and had nothing whatever to do with negotiating the exchange; one Mortrude being the real owner and not made a party to this action.

Winbigler, in addition to his denial of his alleged making of false and fraudulent representations, by

cross-complaint sought recovery from Savinovich upon a claimed indebtedness of $260 from him, evidenced by a promissory note and mortgage executed by him upon the property he received in the exchange, which indebtedness, note and mortgage arose and were executed in connection with, and as a part of, the exchange transaction.

The trial being concluded, the court made findings and conclusions in favor of Savinovich and rendered judgment accordingly, awarding to him recovery of damages against Winbigler in the sum of $1,850, with the privilege of satisfying the same, if he can, by causing title to the property received by Mortrude in the exchange to be reconveyed to Savinovich; also awarding to Savinovich cancellation of the $260 indebtedness evidenced by the note and mortgage as owing by him to Winbigler. From this disposition of the case in the superior court, Winbigler has appealed to this court.

A painstaking review of the somewhat voluminous evidence brought here by a full statement of facts convinces us that it does not sustain the disposition of the case made by the judgment of the trial court. We think the merits of the case may be fairly summarized as follows: Sometime early in the year 1927, Mortrude became the sole equitable owner of a certain lot and dwelling house thereon, situated in the city of Seattle, and was such owner at the time of the consummation of the exchange here in question, the legal title thereto being held for him by the defendant Berthelsen. Since prior to the year 1927 up to the consummation of the exchange, Savinovich was the owner of a certain lot and dwelling house thereon, situated in the town of Eureka, California. In August, 1927, Savinovich came to Seattle from Eureka. He desired to dispose of his Eureka property and acquire property in Seattle.

Noticing in one of the Seattle papers the listing of Mortrude's property by Winbigler as agent for its sale, Savinovich called upon Winbigler, when, after some preliminary conversation, an exchange of these properties was suggested.

Following negotiations extending over a period of some weeks, it was finally agreed that Mortrude's Seattle property was worth $4,750, it being incumbered by a $2,500 mortgage payable in monthly installments to a Seattle savings bank engaged in making such loans. The interest on this mortgage was paid up to that time, and a very small portion of the principal was also paid. It was then also agreed that Savinovich's Eureka property was worth $2,500, it being free from incumbrances, save as to certain unpaid street improvement assessments. Savinovich was taken to see Mortrude's Seattle property and given full opportunity to inspect it. Neither Mortrude nor Winbigler saw Savinovich's Eureka property, Savinovich's statements as to its character, its value and its assessment incumbrance being relied upon by Winbigler and Mortrude.

Accordingly, on September 27, 1927, an exchange contract in writing was executed by Mortrude and Savinovich, both signing the same, by which they agreed to exchange their respective properties, Mortrude to take Savinovich's Eureka property, subject to the assessment stated by Savinovich not to exceed $225, and Savinovich to take Mortrude's Seattle property, subject to the $2,500 mortgage. Deeds of conveyance were to be executed accordingly as soon as proper evidence of good title could be shown to the respective properties by abstract or title insurance. There was delay in procuring the showing of good title in Savinovich to the Eureka property; nevertheless, on December 10, 1927, Savinovich was permitted

to go into possession of the Seattle property, and thereafter continuously lived thereon.

On December 28, 1927, the question of Savinovich's title to the Eureka property being satisfactorily determined, conveyance of it was made to Mortrude by delivery of a deed to him executed by Savinovich. At the same time, conveyance of the Seattle property was made to Savinovich by delivery of a deed to him executed by Berthelsen as trustee for Mortrude. Each deed recited the incumbrance as agreed in the exchange contract.

At the same time, Savinovich executed and delivered to Winbigler the $260 note and mortgage in settlement of what was then agreed to be due him from Savinovich in connection with the exchange. This final closing of the deal occurred some three weeks after Savinovich had actually taken up his residence upon the Seattle property. In March, 1928, Savinovich conceived that he had been induced to make the exchange by false and fraudulent representations of Winbigler, as representative of the owner of the property, in several particulars presently to be noticed. On April 18, 1928, Savinovich commenced this action seeking relief as above noticed.

It is claimed in behalf of Savinovich that Winbigler falsely represented the Seattle property to be "in first class condition" and located in a "desirable district," and that Savinovich was thereby induced to make the exchange. It may be that Winbigler did somewhat unduly praise the property as being in good condition, but he did not state anything touching the condition of the property the truth or falsity of which was not plainly open and apparent, or became plainly open and apparent, to Savinovich before he joined in closing the deal by exchange of conveyances on Decem-

338

ber 28, 1927, some three weeks after he had commenced to make his home upon the property.

As to the alleged statement by Winbigler that the property was in a desirable district, we think the evidence does not warrant the conclusion that he made any such statement with reference to the location of the property. However, the nature of the district was plainly apparent to anyone by the most casual observation. We see no ground for awarding rescission or damages in favor of Savinovich in these alleged false representations.

It is claimed in behalf of Savinovich that Winbigler falsely represented the Seattle property to be worth $6,000, and that such representation was in part an inducement for the making of the exchange. The evidence, we think, does not support this charge with that degree of certainty required in cases of this nature. Besides, if we felt under the evidence required to hold this charge supported by the evidence, then we would also feel obliged to notice and to hold that Savinovich also represented his Eureka property to be worth some $1,200 more than it was actually worth, as was alleged and claimed by Winbigler in his answer, and supported by at least as convincing proof as Savinovich's claim of Winbigler's representing the Seattle property to be worth $6,000; that is, some $1,200 more than it really was worth. We think Savinovich is not entitled to any relief upon the basis of any false representation made by Winbigler as to the value of the Seattle property.

It is claimed in behalf of Savinovich that Winbigler represented that the Seattle property could be rented for $50 per month. We do not think this charge is supported by clear and convincing evidence. In any event, it seems plain to us that any statements which Winbigler may have made about the rental value of

the property were nothing more than a mere expression of opinion and not of such nature that Savinovich was entitled to rely thereon.

It is claimed in behalf of Savinovich that Winbigler represented that the Seattle property was free from taxes, when there was in fact $62.71 taxes due thereon. This representation did not work to the damage of Savinovich, because Winbigler, upon discovering the mistake, agreed that that sum should be deducted from the $260 indebtedness evidenced by the note and mortgage given to him by Savinovich. So, it seems plain that Savinovich has no cause for complaint upon this ground.

Claim is made in behalf of Savinovich that Winbigler and the owner of the Seattle property have failed to furnish title insurance as agreed. It appears that a good policy of title insurance on the Seattle property was in the hands of the bank holding the $2,500 mortgage, being held by it to be delivered to the owner of the property, whoever that might be, upon the final payment of the mortgage indebtedness. Savinovich, knowing this, joined in the closing of the deal by the exchange of conveyances. This and other facts shown by the evidence render it plain that Savinovich waived further evidence of good title to the Seattle property. It is not claimed that his title acquired by the deed from Berthelsen as trustee for Mortrude is not perfect in every respect, subject only to the $2,500 mortgage. We do not see in this contention any cause for just complaint on the part of Savinovich.

Upon the completion of the exchange on December 28, 1927, it was agreed that there then became due from Savinovich to Winbigler the sum of $260 for moneys advanced by him incident to the exchange, and as commission for disposing of the Eureka property

by the exchange. So at that time Savinovich executed and delivered to Winbigler his promissory note for the principal sum of $260, and also a second mortgage upon the Seattle property which he received in the exchange as security therefor. Having concluded that Savinovich is not entitled to rescission or damages as against Winbigler, it seems plain, we think, that Savinovich is not entitled to the cancellation of this note and mortgage further than to have deducted from the principal thereof. the sum of $62.71, the amount of taxes against the Seattle property which had been overlooked and which Winbigler agreed should be deducted from that indebtedness. Some contention is made in this connection that the amount of the indebtedness becoming due to Winbigler from Savinovich was considerably less than $260. This contention, we think, is without merit. We see no overreaching by Winbigler as against Savinovich in the computation and determination of the amount then becoming owing to him by Savinovich.

The judgment awarding relief to Savinovich is reversed and the cause remanded to the superior court with directions to award to Winbigler recovery against Savinovich upon the $260 note and mortgage, deducting therefrom $62.71 as agreed by Winbigler. Of course, the dismissal of the case as to the defendant Berthelsen remains undisturbed by our disposition of this appeal.

MITCHELL, C. J., TOLMAN, and MILLARD, JJ., concur.

BEALS, J., dissents.